852 F.2d 566
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Rachel E. LINDLER, Plaintiff-Appellee,
v.
K MART CORPORATION, Defendant-Appellant.
 No. 87-2682.
 United States Court of Appeals, Fourth Circuit.
 Argued: June 8, 1988.
Decided: July 21, 1988.
 
 Robert Edward Salane (R. Lewis Johnson, Barnes, Alford, Stork & Johnson, on brief), for appellant.
 Richard J. Breibart (John J. McCauley, Coleman, Sawyer, Breibart & McCauley, on brief), for appellee.
 Before HARRISON L. WINTER, Chief Circuit Judge, and SPROUSE and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Rachel E. Lindler brought this action after a kerosene heater purchased from K-Mart Corporation allegedly ignited a fire that destroyed her home and caused the death of her children. After the jury returned a $162,560 verdict for Lindler, K-Mart made a post-trial motion for judgment notwithstanding the verdict or, in the alternative, a motion for a new trial. The district court denied the motions, and K-Mart appealed. We affirm.
 
 
 2
 In reviewing a denial of a motion for judgment notwithstanding the verdict, this court determines only whether there is evidence upon which the jury could properly find a verdict. Ralston Purina Co. v. Edmunds, 241 F.2d 164, 167 (4th Cir.1957). K-Mart claims that if the heater caused the fire, it started because appellee's husband, Paul Lindler, used gasoline rather than kerosene in the heater's fuel tank. Paul Lindler, however, testified that he saw flames coming from the heater and that he placed kerosene in the heater the night before the fire. Lindler's experts opined that the most likely cause of the fire was a leak in the heater's sight glass. Since the role of this court is not to judge the credibility of witnesses or substitute our assessment of the facts for that of the jury, we conclude that the testimony was sufficient to support the finding of the jury.
 
 
 3
 K-Mart next argues that the verdict was inconsistent because the jury found a breach of warranty but left blank the portion of the interrogatory verdict form that involved strict liability. The jury merely chose not to make an affirmative finding on the strict liability theory, and this argument is meritless. We see no "specific findings demonstrating 'confusion and manifest misapprehension of the jury of the issues.' " Hines v. IBG International, Inc., 813 F.2d 1331, 1334 (4th Cir.1987) (citing Bickel, Judge and Jury--Inconsistent Verdicts in the Federal Courts, 63 Harv.L.Rev. 649, 654 (1950)).
 
 
 4
 Last, K-Mart claims that it is entitled to a new trial because the district court charged the jury on implied warranty of fitness for particular purpose, even though Lindler failed to prove the necessary elements to support a claim on this theory. We likewise find this argument meritless because K-Mart failed to object to this part of the charge as required by Federal Rule of Civil Procedure 51[1] before the jury retired to consider its verdict. Accordingly, the judgment of the district court is
 
 
 5
 AFFIRMED.
 
 
 
 [1]
 Rule 51 provides, in pertinent part, as follows:
 No party may assign as error the giving or the failure to give an instruction unless that party objects thereto before the jury retires to consider its verdict, stating distinctly the matter objected to and the grounds of the objection. Opportunity shall be given to make the objection out of the hearing of the jury.